331 So.2d 297 (1976)
Honorable Reubin O'D. ASKEW, Governor of the State of Florida, et al., Appellants,
v.
Joel Edward SCHUSTER et al., Appellees.
No. 48137.
Supreme Court of Florida.
April 21, 1976.
Robert L. Shevin, Atty. Gen., and Donna Holshouser Stinson, Asst. Atty. Gen., Tallahassee, for appellants.
Harry Lewis Michaels, Tallahassee, David C. Holloman and John H. Treadwell, Arcadia, for appellees.
D. Stephen Kahn, Tallahassee, for Lew Brantley, Tom Gallen, Julian B. Lane and Guy Spicola, amicus curiae.
ROBERTS, Justice.
We have for review by direct appeal a final judgment by the Circuit Court in and for DeSoto County holding the latter portion of Section 945.025(3), Florida Statutes, relating to the conversion of G. Pierce Wood Memorial Hospital to be unconstitutional. We have jurisdiction pursuant to Article V, Section 3(b)(1), Constitution of Florida.
Appellees, mental patients at G. Pierce Wood Memorial Hospital, a mental hospital in Arcadia, Florida, brought a class action for declaratory relief seeking to permanently enjoin appellants from housing convicted felons on any part of the premises or in the vicinity of G. Pierce Wood Memorial Hospital and to permanently enjoin them from establishing a medium security prison within the confines or vicinity of said hospital.
To assist in alleviating the critical shortage of prison facilities in Florida, appellants proposed plans which involved a conversion of a portion of said hospital into prison facilities. The plan entailed the taking over of approximately fourteen structures as prison area which area would be surrounded by a double row of chainlink fences, one twelve feet high with an umbrella arm of mesh and the inner one *298 four feet high. Between the two fences, there will be a peri-guard electronic security alarm system, an underground perimeter surveillance system between the two fences. This consists of a pressure sensitive four-pipe buried underground sensor alarm system which operates on constant equalized pressure. The alarm is set off by zones and there will be eleven zones in the configuration which reflect back to the control room and the outside patrol cars when violated. Correctional officers will be in patrol vehicles around the perimeter 24-hours a day.
After hearing and an extended tour of G. Pierce Wood Memorial Hospital facility, the trial judge permanently enjoined appellants from committing any act toward the conversion of G. Pierce Wood Memorial Hospital into a prison facility and ordered them to return G. Pirece Wood Memorial's physical facilities to their original state. Recognizing the critical shortage of prison facilities and the statutory authority for construction of such a facility as this, the trial court found from what it stated to be uncontradicted evidence which it evaluated in detail in its final judgment, that such a proposal by the State would:
"(a) Significantly impair the committed use of the hospital, reduce its operation as a treatment facility and cause it to be downgraded in its status as a State Hospital on the level of other treatment facilities set forth in F.S. 394.457(8), thus violating this section of the Baker Act.
"(b) Result in a lack of respect for the individual dignity to which the mental patients of G. Pierce Memorial Hospital are entitled, thus violating F.S. 394.459 of the Baker Act."
The trial court determined that the latter portion of Section 945.025(3), Florida Statutes, relating to the conversion of G. Pierce Wood Memorial Hospital is unconstitutional and explicated:
"The general rule is that the latter legislative expression governs where two statutes are inconsistent. State v. Board of Public Instruction (Fla. 1959) 113 So.2d 368. As set forth in State v. Haddock ([Fla.App.] 1st Dist. 1962) 140 So.2d 631, this is true and in the absence of irreconcilable provisions or manifest overriding considerations, the last in point of time or order of arrangement prevails. "In applying these rules of construction, it is impossible for this Court to reconcile the provisions regarding the conversion of G. Pierce Wood Memorial Hospital in F.S. 945.025(3) with the provisions set forth in F.S. 394.457(8) and F.S. 394.459. If the G. Pierce Wood provision of F.S. 945.025(3) is allowed, it would violate the rights given to the patients under the Baker Act and would thus be unlawful and invalid."
This statutory provision provides:
"(3) There shall be other correctional facilities, including detention facilities of varying levels of security, work-release facilities, and community correctional facilities, halfway houses, and other approved community residential and non-residential facilities and programs; however, no adult correctional facility shall be established by changing the use and purpose of any mental health facility or mental health institution under the jurisdiction of any state agency or department without authorization in the General Appropriation Act or other approval by the Legislature. Any facility the purpose and use of which was changed subsequent to January 1, 1975, shall be returned to its original use and purpose by July 1, 1977. However, the conversion of the G. Pierce Wood Memorial Hospital located at Arcadia, DeSoto County, into a correctional facility may be completed and continued only after a demonstration that it would be less costly and that substantial economic benefit would accrue to the state when *299 compared with other viable alternatives to the conversion of said facility. Any community residential facility may be deemed a part of the state correctional system for purposes of maintaining custody of offenders, and for this purpose the [department] may contract for and purchase the services of such facilities."
The following statutes are relevant to the disposition of this cause. Section 394.459, Florida Statutes, provides in pertinent part:
"(1) Right to individual dignity.  The policy of the state is that the individual dignity of the patient shall be respected at all times and upon all occasions, including any occasion when the patient is taken into custody, detained, or transported. Procedures, facilites, including jails, vehicles, and restraining devices utilized for criminals or those accused of crime shall not be used in connection with the noncriminal mentally ill except for the protection of the patient or others. If, in an emergency, a mentally ill person is placed in a jail, such a facility may be used only as long as the emergency exists and in no case, except felony criminal cases, longer than five (5) days. In criminal cases, a jail may be used as an emergency facility no longer than forty-five (45) days. Treatment shall be provided to the patient by his physician or the receiving facility staff. No person who is receiving treatment for mental illness in a hospital shall be deprived of any constitutional rights. However, if such a person is adjudicated incompetent pursuant to the provisions of this part, his rights may be limited to the same extent the rights of any incompetent person are limited by general law.
"(4) Quality of treatment. 
(a) Each patient in a facility shall receive treatment suited to his needs, which shall be administered skillfully, safely, and humanely with full respect for his dignity and personal integrity. Each patient shall receive such medical, vocational, social, educational, and rehabilitative services as his condition requires to bring about an early return to his community. In order to achieve this goal the department is directed to coordinate the programs of the division with all other divisions of the department."
Section 394.457(8), Florida Statutes, provides:
"(8) Designation of treatment facilities.  Florida State Hospital located at Chattahoochee, Gadsden County; G. Pierce Wood Memorial Hospital located at Arcadia, DeSoto County; South Florida State Hospital located at Hollywood, Broward County; and Northeast Florida State Hospital located at Macclenny, Baker County; and such other facilities as may be established by law or designated by the department, including facilities of the United States Government, if such designation is agreed to by the appropriate governing body or authority, are designated as treatment facilities."
We cannot agree with the trial judge that Section 945.025(3), Florida Statutes, is unconstitutional in part and, therefore, cannot concur that the conversion of the facilities constitutes a violation of the Baker Act.
By Section 945.025(3),[1] Florida Statutes, the most recent enactment by the Legislature on this subject, the Legislature recognized and expressly approved the conversion of a portion of the hospital to house prisoners. Appellants contend that by its ruling in this cause, the trial court sought to legislate to obtain a result which it felt was just, thereby imposing its own social view in place of the Legislature's which was not within its province to do. The trial judge in its final judgment did not determine that this statute conflicted with *300 any constitutional provision either state or federal but rather found that it was inconsistent with prior statutory provisions.
Absent a violation of due process or a specific constitutional guarantee, courts cannot substitute their judgment for that of the Legislature. As this Court explicated in In re Apportionment Law, Senate Joint Resolution No. 1305, 263 So.2d 797 (Fla. 1972), in emphasizing the constitutional principle of separation of power:
"Hence, this Court, in accordance with the doctrine of separation of powers, will not seek to substitute its judgment for that of another coordinate branch of the government, but will only measure acts done with the yardstick of the Constitution. The propriety and wisdom of legislation are exclusively matters for legislative determination."
In City of Jacksonville v. Bowden, 67 Fla. 181, 64 So. 769 (1914), cited as authority in In Re Apportionment Law, supra, Judge Whitfield stated:
"[N]o duly enacted statute should be judicially declared to be inoperative on the ground that it violates organic law, unless it clearly appears beyond all reasonable doubt, that, under any rational view that may be taken of the statute, it is in positive conflict with some identified or designated provision of constitutional law ... The courts have no veto power, and do not assume to regulate state policy; but they recognize and enforce the policy of the law as expressed in valid enactments, and decline to enforce statutes only when to do so would violate organic law. (Emphasis supplied.) (p. 772)."
Recently the Supreme Court of the United States in Kahn v. Shevin, 416 U.S. 351, 94 S.Ct. 1734, 40 L.Ed.2d 189 (1974), upholding a Florida Statute granting a widow an annual $500 property tax exemption, reiterated the basic constitutional proposition that courts do not substitute their social and economic beliefs for the judgment of legislative bodies which are elected to pass the laws. See Ferguson v. Skrupa, 372 U.S. 726, 83 S.Ct. 1028, 10 L.Ed.2d 93 (1963). Cf. Pepper v. Pepper, 66 So.2d 280 (Fla. 1953); State v. Barquet, 262 So.2d 431 (Fla. 1972). By the judgment below, the trial judge effectually substituted her social beliefs in place of legislative judgment.
Although we find no inconsistency between the Act in question and Sections 394.457(8) and 394.459, Florida Statutes, we restate the fundamental rule of statutory construction which would be applicable here were the statutes inconsistent, that the last expression of legislative will prevails. Cf. State v. Board of Public Instruction, 113 So.2d 368 (Fla. 1959); Jacksonville Beach v. Albury, 291 So.2d 82, Fla.App., affirmed, 295 So.2d 297 (Fla. 1974); Johnson v. State, 157 Fla. 685, 27 So.2d 276 (1946).
Accordingly, we find that Section 945.025(3), Florida Statutes, is constitutional and as the last expression of the Legislature's will prevails over Sections 394.457(8) and 394.459, Florida Statutes. By Section 945.025(3), Florida Statutes, the Legislature approved the conversion of a portion of G. Pierce Wood Memorial Hospital into a correctional facility. The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent herewith.
It is so ordered.
OVERTON, C.J., and ADKINS, BOYD, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.
NOTES
[1] Chapter 75-49, Laws of Florida, effective date July 1, 1975.