JOANOS, Judge.
Appellant was convicted on a charge of carrying a concealed firearm, and raises *44 two points on appeal. Appellant alleges the trial court erred first, in denying his motion for judgment of acquittal, and second, in refusing to instruct the jury on his defense of necessity. We affirm on the first point and reverse on the second.
The charge against appellant stemmed from information given to Officer Schultz of the Tallahassee Police Department by a confidential informant, regarding appellant’s alleged involvement in drug sales. The confidential informant was directed by the police to go to appellant’s residence and purchase cocaine. The officers watched appellant’s residence as the informant went inside. Shortly thereafter, appellant and the informant left the residence. The informant reported to the. officers that he had observed small packets of white powder in appellant’s possession and that appellant had said he did not have time to go through with a narcotics transaction. Following this exchange with the informant, the officers followed appellant ás he drove to an apartment complex. Appellant parked his car and sat in it for approximately ten minutes. The officers watched as appellant went to a door on the second floor of the complex, knocked, and engaged in a short conversation with the person who opened the door. Appellant then ran down the stairs to his car and sped out of the parking lot. The officers followed. At trial, the officers described appellant’s driving as evasive. Finally, appellant stopped his car at his grandfather’s residence.
During his trial, appellant testified that the informant went to his house with a message purportedly from a party referred to as Buckethead. According to this message, Buckethead wanted appellant to look at some gold he [Buckethead] was trying to buy. The informant was supposed to meet appellant at Buckethead’s apartment complex, so appellant sat in his car and waited. Finally, appellant went to the apartment, where Buckethead’s wife told him Bucket-head was not at home and no one else had been there. At that point, appellant decided the whole affair was an attempt to rob him. He ran to his car and drove away. When he realized he was being followed, he drove past his own house and stopped at his grandfather’s place.
Officers Schultz and Slovenky, in plainclothes and an unmarked car, pulled up behind appellant’s car. Appellant got out of his car — taking his pistol which had been on the front seat — with him.[1] When appellant got out of his car, the pistol was in his hand. When he recognized Officer Schultz, he put the pistol in his pocket because “you just don’t carry a gun in front of the police.”
Appellant’s testimony, corroborated by Officers Schultz and Slovenky, was that Officer Slovenky had drawn his gun. Appellant did not know Officer Slovenky, so it was not until he recognized Officer Schultz that he realized he was dealing with the police. When appellant saw Officer Schultz he called him by name and immediately told the officer that he [appellant] had a gun in his pocket. Appellant explained to the officers that he thought he “was being ripped off,” and asked them to have somebody check his house. The officers searched appellant’s vehicle, his brown money pouch, and the Georgia Street area (appellant's residence) — but no cocaine was found.
Appellant was tried on the charge of having a concealed firearm. At the close of the state’s case appellant’s counsel moved for judgment of acquittal, contending that the state had not presented a prima facie case against appellant. Defense counsel argued also that appellant had acted reasonably under the concept of necessity when the firearm was found on his person. The motion for judgment of acquittal was denied.
The trial court denied defense counsel’s request for jury instruction dealing with the common law defense of necessity. The *45 jury found appellant guilty of carrying a concealed firearm.
A defendant who moves for judgment of acquittal “admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence.” Lynch v. State, 293 So.2d 44, 45 (Fla.1974). The test for submitting a case to the jury is whether “there is room for a difference of opinion between reasonable men as to the proof of facts from which an ultimate fact is sought to be established, or whether there is room for such differences as to the inferences which might be drawn from conceded facts.” Id.
At the close of the state’s case, the jury had heard testimony from Officers Schultz and Slovenky that prior to appellant’s arrest, he recognized Officer Schultz and called him by his first name. Appellant then told the officers that he had a gun in his pocket. The officers conducted a pat down, discovered the gun in appellant’s jacket pocket, and effected the arrest. Both officers testified that appellant said he thought “he was being ripped off” until he recognized Officer Schultz.
Appellant’s motion for judgment of acquittal was premised on the view that the state failed to present a prima facie case of guilt, since appellant had acted reasonably under the circumstances when he placed the gun in his jacket pocket and informed the officers of its presence. The evidence adduced by the state established that appellant had a gun in his pocket at the time of his arrest. In addition, the officers testified that appellant was carrying $550.00 in a brown money pouch. Thus, the state proved possession of a concealed firearm, but there was also evidence from which there could arise a genuine difference of opinion as to the reasonableness of appellant’s conduct in placing the gun in his pocket. On these facts the trial court did not err in denying appellant’s motion for judgment of acquittal. The state’s evidence was sufficient to support the charge of possession of a concealed firearm, but the question of the reasonableness of appellant’s conduct when he realized that his confrontation was with the police was properly left to the jury.
The second point raised on this appeal is that the trial court erred in refusing to give the requested jury instruction on appellant’s theory of defense. This claim has merit. A defendant is entitled to have the jury instructed on the rules of law applicable to his theory of defense when there is any evidence introduced at trial which supports that theory of defense. Smith v. State, 424 So.2d 726, 732 (Fla.1982); Bryant v. State, 412 So.2d 347 (Fla.1982). See also: Pope v. State, 458 So.2d 327 (Fla. 1st DCA 1984), Solomon v. State, 436 So.2d 1041 (Fla. 1st DCA 1983); Holley v. State, 423 So.2d 562 (Fla. 1st DCA 1982); Muro v. State, 445 So.2d 374, (Fla. 3rd DCA 1984).
In this ease there is record evidence which supports appellant’s theory of defense. Both arresting officers testified that appellant was carrying $550.00 in cash, both officers testified that appellant fled the apartment complex as though he were being chased, and both officers testified that appellant told them he thought he had been set up for a robbery. Appellant explained that when he realized his confrontation was with armed police officers, he felt it was incumbent upon him to get the gun he was carrying out of sight to avoid the risk of being shot. On this issue, appellant analogized his situation to that of appellant in Mungin v. State, 458 So.2d 293 (Fla. 1st DCA 1984), where this court found the defense of necessity was available because Mungin did not have time to reflect on the consequences of possession of a weapon by an inmate. Appellant maintains that he, like Mungin, did not have time to reflect on the consequences of concealing the firearm. In addition, as the officers walked toward him appellant told them that there was a gun in his pocket.
There was sufficient evidence in this record to support appellant’s theory of defense. Therefore, it was error to deny *46 appellant s requested jury instruction on necessity.
We reverse appellant’s conviction and remand with directions that appellant shall be granted a new trial with benefit of the requested instruction.
WIGGINTON and BARFIELD, JJ., concur.

. Appellant was manager of a disco/lounge/poolroom. He carried a pistol with him when closing, because at night he took money from the business to his home, in order to deposit it the next morning.