THREADGILL, Judge.
Appellants, J.A., et al., challenge a fee of $50 imposed pursuant to section 960.20, Florida Statutes (Supp.1992), contending that section 39.073, Florida Statutes (1991) prohibits the court from charging juveniles or their parents with court and witness fees. The appellants also contend that the trial court erred in imposing the fee when it withheld adjudication. We affirm the imposition of costs against the juveniles who were adjudicated delinquent. However, we strike the fees assessed against the juveniles whose adjudication was withheld.
Section 960.20, Florida Statutes (Supp. 1992), provides:
Additional costs. — When any person pleads guilty or nolo contendere to, or is convicted of or adjudicated delinquent for, any felony, misdemeanor, or criminal traffic offense under the laws of this state or the violation of any municipal or county ordinance which adopts by reference any misdemeanor under state law, there shall be imposed as an additional cost in the case, in addition and prior to any other cost required to be imposed by law, the sum of $50. Any person whose adjudication is withheld pursuant to the provisions of s. 318.14(10) shall also be assessed such cost. The clerk of the court shall collect and forward $49 of each $50 collected to the Treasurer, to be deposited in the Crimes Compensation Trust Fund. The clerk shall retain the remaining $1 of each $50 collected as a service charge of the clerk’s office. Under no condition shall a political subdivision be held liable for the payment of this sum of $50.
Section 39.073, Florida Statutes (1991) provides:
Court and witness fees. — In any proceeding under this chapter, court fees shall not be charged against, nor witness fees allowed to, any party to a delinquency petition or any parent or legal guardian or custodian or child named in a summons. Other witnesses shall be paid the witness fees fixed by law.
*110 Although section 39.073, prohibits the imposition of costs against juveniles in chapter 39 proceedings, and amended section 960.20 authorizes the imposition of a $50 fee in juvenile cases for the Crimes Compensation Trust Fund, we find no inconsistency-fatal to either statute. There is a general presumption that later statutes are passed with knowledge of existing laws and a construction is favored that gives each one a field of operation, rather than have the former repealed by implication. State v. Vikhylantsev, 602 So.2d 636 (Fla. 2d DCA 1992). Applying this construction, we deem amended section 960.20, amended two years after the enactment of section 39.073, an exception to the general rule announced in section 39.-073. Even assuming the two statutes hopelessly inconsistent, section 960.20 would prevail because it is the more recent. See State v. Parsons, 569 So.2d 437 (Fla.1990). We therefore affirm the order imposing the $50 fee against the appellants who were adjudicated delinquent.
We nevertheless strike the imposition of the $50 fee in those cases where adjudication was withheld. The legislative intent of section 960.20 is plain and unambiguous; therefore, there is no need to resort to rules of statutory construction. See Carawan v. State, 515 So.2d 161, 165 (Fla.1987). The statute expressly authorizes a fee against any person “adjudicated delinquent.” It does not authorize the fee for any other disposition in a chapter 39 delinquency proceeding. We agree with the First District in T.J. v. State, 619 So.2d 425, 426 (Fla. 1st DCA 1993) that a plea of guilty or nolo contendere in a chapter 39 proceeding is a plea to a delinquent act, not to a criminal offense. When a juvenile enters the equivalent of such a plea in juvenile court and adjudication is withheld, the trial court may not impose the $50 assessment. We therefore strike the imposition of any $50 fee against the appellants whose adjudications were withheld.
HALL, A.C.J., and BLUE, J., concur.