671 So.2d 894 (1996)
P.P., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 95-252.
District Court of Appeal of Florida, Fifth District.
April 19, 1996.
James B. Gibson, Public Defender and Dan D. Hallenberg, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, Judge.
P.P. appeals an order of disposition finding him guilty of two counts of culpable negligence, withholding an adjudication of delinquency, and placing him on community control for a period of six months. P.P. also appeals the orally pronounced imposition of costs which was never reduced to writing. We affirm the order of disposition and write to point out that it is not improper to impose costs in a delinquency case where adjudication is withheld.
P.P. argues that the court was prohibited by statute from ordering the costs. See § 39.073, Fla.Stat. (1993) (providing that "[i]n any proceeding under this chapter, court fees shall not be charged against ... any party to a delinquency petition").
Subsections 960.20(1) and (2), Florida Statutes (1994 Supp.), provide:
Additional Costs.(1) When any person pleads guilty or nolo contendere to, or is convicted of or adjudicated delinquent for, any felony, misdemeanor, delinquent act, or criminal traffic offense under the laws of this state or the violation of any municipal or county ordinance which adopts by reference any misdemeanor under state law, there shall be imposed as an additional *895 cost in the case, in addition and prior to any other cost required to be imposed by law, the sum of $50. Any person whose adjudication is withheld shall also be assessed such cost.
(2) These costs are considered assessed unless specifically waived by the court. If the court does not order these costs, it shall state on the record, in detail, the reasons therefor.
Prior to its amendment in 1994, section 960.20 did not authorize a cost assessment against a person whose adjudication was withheld, see e.g. J.A. v. State, 633 So.2d 108 (Fla. 2d DCA 1994), but it clearly does as amended. Since section 960.20 and the amendment are more recent than section 39.073, the former prevail. See, Id., 633 So.2d at 110 (citing State v. Parsons, 569 So.2d 437 (Fla.1990)).
AFFIRMED.
DAUKSCH, J., concurs.
W. SHARP, J., concurs specially, with opinion.
W. SHARP, Judge, concurring specially.
After reading section 39.073, Florida Statutes (1993), which flatly prohibits the imposition of "court fees" against any party to a delinquency petition, together with section 960.20(1) and (2) which apparently require assessment of a $50.00 court cost against persons adjudicated delinquent or whose adjudication is withheld, unless specifically waived by the court, one has to conclude the two are hopelessly contradictory on the issue of the $50.00 fee. See J.A. v. State, 633 So.2d 108 (Fla. 2d DCA 1994). Since section 960.20(1) and (2) is the more recent statute, it must be presumed the Legislature was aware of section 39.073, Florida Statutes (1993) and intended to repeal it, to the extent of imposing a $50.00 court fee required by section 960.20(1) and (2). See State v. Brown, 530 So.2d 51, 52 (Fla.1988); Askew v. Schuster, 331 So.2d 297 (Fla.1976).
Imposition of court costs and fees is an area of statutory law frequently amended and added to by the Legislature, to such an extent it has become contradictory, convoluted, and obscure. It would be of great assistance to the courts if the Legislature were to undertake to simplify allowable or required costs, and place them within the confines of the same statute, or at least with references to others on the same subject. An appeal involving the imposition of a $50.00 fee, although important as a matter of judicial principle, strikes me as not the best use of judicial resources, which are limited at best.
In this case, P.P. committed the offenses, which were the subject of this delinquency proceeding, on July 4, 1994. Three days earlier, the amendment to section 960.20 which included the directive to impose a $50.00 court fee, on persons for whom adjudication of delinquency was withheld, took effect; i.e., July 1, 1994. Thus to the extent the cost assessment in this case is limited to the $50.00 fee required by section 960.20, I concur in the majority opinion. That, however, is not clear from this record. The trial judge simply stated orally on the record that she intended to assess "court costs, as well." For that reason, I concur specially.