THOMPSON, Judge.
P.P. appeals an order of disposition finding him guilty of two counts of culpable negligence, withholding an adjudication of delinquency, and placing him on community control for a period of six months. P.P. also appeals the orally pronounced imposition of costs which was never reduced to writing. We affirm the order of disposition and write to point out that it is not improper to impose costs in a delinquency case where adjudication is withheld.
P.P. argues that the court was prohibited by statute from ordering the costs. See § 39.073, Fla.Stat. (1993) (providing that “[i]n any proceeding under this chapter, court fees shall not be charged against ... any party to a delinquency petition”).
Subsections 960.20(1) and (2), Florida Statutes (1994 Supp.), provide:
Additional Costs. — (1) When any person pleads guilty or nolo contendere to, or is convicted of or adjudicated delinquent for, any felony, misdemeanor, delinquent act, or criminal traffic offense under the laws of this state or the violation of any municipal or county ordinance which adopts by reference any misdemeanor under state law, there shall be imposed as an addition *895 al cost in the case, in addition and prior to any other cost required to be imposed by law, the sum of $50. Any person whose adjudication is withheld shall also be assessed such cost.
(2) These costs are considered assessed unless specifically waived by the court. If the court does not order these costs, it shall state on the record, in detail, the reasons therefor.
Prior to its amendment in 1994, section 960.20 did not authorize a cost assessment against a person whose adjudication was withheld, see e.g. J.A v. State, 633 So.2d 108 (Fla. 2d DCA 1994), but it clearly does as amended. Since section 960.20 and the amendment are more recent than section 39.073, the former prevail. See, Id., 633 So.2d at 110 (citing State v. Parsons, 569 So.2d 437 (Fla.1990)).
AFFIRMED.
DAUKSCH, J„ concurs.