W. SHARP, J.,
concurs specially, with opinion.
W. SHARP, Judge, concurring specially. After reading section 39.073, Florida Statutes (1993), which flatly ■prohibits the imposition of “court fees” against any party to a delinquency petition, together with section 960.20(1) and (2) which apparently require assessment of a $50.00 court cost against persons adjudicated delinquent or whose adjudication is withheld, unless specifically waived by the court, one has to conclude the two are hopelessly contradictory on the issue of the $50.00 fee. See J.A v. State, 633 So.2d 108 (Fla. 2d DCA 1994). Since section 960.20(1) and (2) is the more recent statute, it must be presumed the Legislature was aware of section 39.073, Florida Statutes (1993) and intended to repeal it, to the extent of imposing a $50.00 court fee required by section 960.20(1) and (2). See State v. Brown, 530 So.2d 51, 52 (Fla.1988); Askew v. Schuster, 331 So.2d 297 (Fla.1976).
Imposition of court costs and fees is an area of statutory law frequently amended and added to by the Legislature, to such an extent it has become contradictory, convoluted, and obscure. It would be of great assistance to the courts if the Legislature were to undertake to simplify allowable or required costs, and place them within the confines of the same statute, or at least with references to others on the same subject. An appeal involving the imposition of a $50.00 fee, although important as a matter of judicial principle, strikes me as not the best use of judicial resources, which are limited at best.
In this ease, P.P. committed the offenses, which were the subject of this delinquency proceeding, on July 4, 1994. Three days earlier, the amendment to section 960.20 which included the directive to impose a $50.00 court fee, on persons for whom adjudication of delinquency was withheld, took effect; ie., July 1, 1994. Thus to the extent the cost assessment in this case is limited to the $50.00 fee required by section 960.20, I concur in the majority opinion. That, however, is not clear from this record. The trial judge simply stated orally on the record that she intended to assess “court costs, as well.” For that reason, I concur specially.