POLEN, J.
A.B., a juvenile, entered a plea of no contest to charges of possession of a firearm on school grounds and assault with a deadly weapon. The state timely appeals from the trial court’s subsequent withholding adjudication of delinquency. We have jurisdiction under section 985.234(l)(b)(8), Florida Statutes (1997).
A.B. pled no contest to possession of a firearm on school grounds and assault with a deadly weapon. At disposition, the trial court withheld adjudication, sentenced him to five days of secure detention but credited him for time already served, and imposed other conditions with respect to community control. The state objected,to the withhold of adjudication. Noting that the probable cause affidavit revealed A.B. had taken the gun to school to kill another student, and that A.B. had two prior offenses which the state had handled nonjudicially, it unsuccessfully argued that section 790.22(9) mandated an adjudication of delinquency.
The state argues that the trial court lacked discretion under section 790.22(9), Florida Statutes (1997)[1] to withhold adjudication of delinquency in sentencing A.B. We disagree. Unlike this statute’s adult counterpart, section 775.087(2), Florida Statutes (1997), which provides that when any person is convicted of such crimes as aggravated assault[2] and during the commission of the offense, such person possessed a firearm, “adjudication of guilt or imposition of a sentence shall not be suspended, deferred, or withheld,” id,[3] section 790.22 does not contain any express restriction on the court’s discretion to withhold adjudication.
In any event, we interpret the last sentence of section 790.22 as a direction to the court to credit minors with any time that they served prior to the formal disposition of their charges. As such, we hold that such *1264 language did not prohibit the court’s exercise of discretion in withholding adjudication.
AFFIRMED.
FARMER and TAYLOR, JJ., concur.

.That statute reads, in pertinent part,
[I]f the minor is found to have committed an offense that involves the use or possession of a firearm, as defined in s. 790.001, ... the court shall order:
(a) For a first offense, that the minor serve a mandatory period of detention of 5 days in a secure detention facility and perform 100 hours of community service.
[[Image here]]

The minor shall receive credit for time served before adjudication.

§ 790.22(9), Fla. Stat. (1997)(emphasis added).

. A.B.'s charge of "assault with a deadly weapon” is synonymous with a charge of “aggravated assault.” Grinage v. State, 641 So.2d 1362 (Fla. 5th DCA 1994), rev. granted, 651 So.2d 1196, approved, 656 So.2d 457 (Fla.1995).

. Sections 316.656(1)(DUI) and 893.135(3), Florida Statutes (1997) (trafficking in drugs) also expressly mandate adjudications of guilt.