KLEIN, J.
Appellee, a seventeen year old, was charged with carrying a concealed firearm, unlawfully exhibiting a handgun, and unlawfully discharging a handgun. The trial court on its own dismissed the charge of carrying a concealed firearm. After appel-lee pled guilty to the other charges, the court failed to sentence him to five days of secured detention and also failed to revoke or suspend his driver’s license, both of which are mandatory. The state appeals the dismissal and the illegal sentence. We reverse.
Section 790.22(9)(a), Florida Statutes (1997), requires a minor who has committed an offense involving the use or possession of a firearm to “serve a mandatory period of detention of five days in a secure detention facility.”
In addition, section 790.22(10)(a)l, Florida Statutes (1997), provides that if a minor violates section 790.22(9), the court “shall” direct the revocation or the withholding of issuance of the minor’s driver’s license or driving privileges for a period of up to one year.
*555 Although the state called the trial court’s attention to these statutes, the court did not order detention or suspension of appellee’s driver’s license. We agree with the state that the statutes are mandatory and reverse.
The state also argues that the trial court erred in dismissing the charge of carrying a concealed handgun, based only on the facts contained in the probable cause affidavit. We agree with the state that the trial court erred in dismissing this charge on its own. The dismissal is also subject to reversal on the merits, because the allegation in the affidavit that appellee placed a handgun in his pocket in the presence of an officer is sufficient to sustain the charge of carrying a concealed firearm. Ambrister v. State, 462 So.2d 43 (Fla. 1st DCA 1984). We therefore reverse the dismissal of count I.
STONE and STEVENSON, JJ., concur.