949 So.2d 290 (2007)
T.L.S. a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-55.
District Court of Appeal of Florida, Fifth District.
February 9, 2007.
*291 James S. Purdy, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, J.
We are once again confronted with the issue of imposition of criminal statutory costs in a juvenile case. Specifically, we must decide whether the trial court properly imposed costs under section 775.083(2), Florida Statutes (2005), in the amount of $20, and section 939.185(1)(a), Florida Statutes (2005), in the amount of $65, in a juvenile proceeding that concluded with an order withholding adjudication of delinquency for the offense of domestic battery. We believe that the costs were improperly assessed and, therefore, reverse that part of the order under review.[1]
At the outset, we observe that T.L.S. preserved the issue for review by filing a Motion to Correct Sentencing Error pursuant to Florida Rule of Juvenile Procedure 8.135 with the trial court. The court considered the motion without a hearing and denied it. Because we resolve a purely legal issue, our standard of review is de novo. See Daniels v. Florida Dep't of Health, 898 So.2d 61, 64 (Fla.2005) ("The question before us is a matter of statutory interpretation and is a question of law subject to de novo review.") (citing State v. Glatzmayer, 789 So.2d 297, 301 n. 7 (Fla.2001)).
Our analysis begins with V.K.E. v. State, 934 So.2d 1276 (Fla.2006), wherein the court considered whether "`a trial judge [has] the power and authority to impose on juveniles in a juvenile delinquency proceeding, the mandatory surcharges set forth in sections 938.08 and 93[8].085[.]'" Id. at 1277 (quoting V.K.E. v. State, 902 So.2d 343, 344 (Fla. 5th DCA *292 2005)). The court answered the question in the negative, explaining:
[F]irst, the Legislature has created a juvenile justice system as a totally separate and distinct rehabilitative alternative to the punitive criminal justice system, and not as a subset of that system with all of its attendant punitive measures and costs; second, the Legislature has expressly provided in certain instances for the taxation of criminal justice costs and surcharges against delinquents but has not done so here; and third, the Legislature has actually spoken on the issue before us by expressly providing that court fees and costs should not ordinarily be imposed in juvenile proceedings. Moreover, we conclude that a contrary holding would open the door to the assessment in juvenile proceedings of the unrelated costs, fees, and surcharges provided for in the adult criminal system without a clear legislative mandate to do so. This in turn would impair the ability of the juvenile system to focus on and serve its legislatively mandated rehabilitative function.
Id. at 1278 (footnotes omitted).
Following the directive of V.K.E., we must determine whether there is a clear legislative mandate to have sections 775.083(2) and 939.185 apply to juveniles, and if so, whether they apply in the absence of an adjudication of delinquency or entry of a plea. The text of each statute is the starting point for our analysis and so we begin there, first with section 775.083(2), which provides:
(2) In addition to the fines set forth in subsection (1), court costs shall be assessed and collected in each instance a defendant pleads nolo contendere to, or is convicted of, or adjudicated delinquent for, a felony, a misdemeanor, or a criminal traffic offense under state law, or a violation of any municipal or county ordinance if the violation constitutes a misdemeanor under state law. The court costs imposed by this section shall be $50 for a felony and $20 for any other offense and shall be deposited by the clerk of the court into an appropriate county account for disbursement for the purposes provided in this subsection. A county shall account for the funds separately from other county funds as crime prevention funds. The county, in consultation with the sheriff, must expend such funds for crime prevention programs in the county, including safe neighborhood programs under ss. 163.501-163.523.
§ 775.083(2), Fla. Stat. (2005) (emphasis added). Although this statute applies to juveniles, it does not provide for the imposition of costs in the absence of an adjudication of delinquency. The trial court issued a judicial warning and withheld adjudication of dependency and, therefore, it incorrectly imposed the $20 cost pursuant to section 775.083(2). Parenthetically, we note that, based on a reading of section 938.03, which imposes a $50 cost regardless of whether adjudication has been entered or withheld, it is clear that the Legislature knows how to make provision for imposition of costs in juvenile proceedings in the absence of adjudication. § 938.03(1), Fla. Stat. (2005) ("Any person whose adjudication is withheld shall also be assessed such cost."). Since it did not do so within the structure of section 775.083, it is clear from both the language of the statute and its omissions that the Legislature did not intend to have costs imposed under that statute in the absence of an adjudication of delinquency.
T.L.S. also contends that the trial court erred in imposing the $65 cost pursuant to section 939.185, which provides in pertinent part:
(1)(a) The board of county commissioners may adopt by ordinance an additional *293 court cost, not to exceed $65, to be imposed by the court when a person pleads guilty or nolo contendere to, or is found guilty of, any felony, misdemeanor, or criminal traffic offense under the laws of this state.
§ 939.185(1)(a), Fla. Stat. (2005) (emphasis added).[2] A plain reading of the statute indicates that the $65 cost pursuant to section 939.185(1)(a) is not intended to apply to juveniles. There is no mention of delinquency in the statutory provision and, therefore, based on the holding in V.K.E., this omission indicates the cost is not to be assessed in juvenile proceedings. See M.D.J. v. State, 936 So.2d 774 (Fla. 5th DCA 2006).
We reverse that part of the order assessing the costs previously discussed.
REVERSED in part.
GRIFFIN and EVANDER, JJ., concur.
NOTES
[1] Although the order captioned "Order Of Charges/Costs/Fees" imposes other costs and fees, those assessments are not contested by T.L.S.
[2] The order imposing the specific costs suspended collection of the $65 cost until further notice from the trial court. The parties mention that the suspension may have been based on the fact that V.K.E. was pending before the Florida Supreme Court at the time. However, the record is silent as to the reason for the suspension.