957 So.2d 45 (2007)
The STATE of Florida, Appellant,
v.
J.Z., a juvenile, Appellee.
No. 3D06-2302.
District Court of Appeal of Florida, Third District.
May 2, 2007.
Bill McCollum, Attorney General, and Jill Kramer Traina, Assistant Attorney General, for appellant.
*46 Bennett H. Brummer, Public Defender, and Marti Rothenberg, Assistant Public Defender, for appellee.
Before FLETCHER and LAGOA, JJ., and SCHWARTZ, Senior Judge.
LAGOA, Judge.
The State appeals the appellee's sentence, arguing that the trial court erred when, contrary to Section 790.22(9), Florida Statutes (2006), it failed to impose a minimum of fifteen days in a secure detention facility and it credited appellee with time served in detention prior to adjudication. We agree and reverse.
Following a bench trial, the trial court found the appellee, a minor, guilty of carrying a concealed weapon (Count 2) and possession of a firearm by a minor (Count 3).[1] Thereafter, the trial court entered an order adjudicating appellee guilty of Counts 2 and 3. A pre-disposition report filed with the court indicated that this was the appellee's first offense involving the use or possession of a firearm.
At the disposition hearing, the trial court entered a probation order withholding adjudication of delinquency and did not commit the appellee to a residential commitment program for these offenses, but rather credited him with time served.[2] The State objected that the sentence failed to comply with the requirements of section 790.22(9), Florida Statutes (2006). We agree with the State and reverse.
Section 790.22(9), Florida Statutes (2006), provides:
(9) Notwithstanding s. 985.214, if the minor is found to have committed an offense that involves the use or possession of a firearm, as defined in s. 790.001, other than a violation of subsection (3), or an offense during the commission of which the minor possessed a firearm, and the minor is not committed to a residential commitment program of the Department of Juvenile Justice, in addition to any other punishment provided by law, the court shall order:
(a) For a first offense, that the minor shall serve a minimum period of detention of 15 days in a secure detention facility; and
1. Perform 100 hours of community service; and may
2. Be placed on community control or in a nonresidential commitment program.
(emphasis added). Section 790.22(9) also provides that "[t]he minor shall not receive credit for time served before adjudication" (emphasis added).
Here, the record demonstrates that: (1) appellee was found guilty of an offense involving the use or possession of a firearm; (2) this was appellee's first offense involving a firearm; and (3) the trial court did not commit appellee to a residential commitment program. Where a minor is found guilty of his first offense involving the possession of a firearm, and is not committed to a residential program, section 790.22(9) mandates that the court "shall order . . . that the minor shall serve a minimum period of detention of fifteen days in a secure detention facility."
The language of section 790.22(9) is mandatory. See State v. P.P., 763 So.2d 554 (Fla. 4th DCA 2000); State v. S.T., 803 So.2d 782 (Fla. 4th DCA 2001). As this Court previously observed in T.M. v. State, 689 So.2d 443, 446 (Fla. 3d DCA 1997):
The statute is obviously designed to get the immediate attention of all juveniles and to issue a "wake-up call" that the *47 state deems their firearm offenses to be serious enough to warrant the automatic deprivation of their liberty for a period of time, even on a first offense. Its intent clearly is to have a deterrent effect to hopefully prevent the juvenile's escalation into the criminal justice system.
As such, the trial court lacked discretion to fail to impose a fifteen-day minimum detention period.
Moreover, section 790.22(9) expressly states that "[t]he minor shall not receive credit for time served before adjudication" (emphasis added).[3] Appellee argues that his sentence was not illegal because he was not "adjudicated" as his adjudication was withheld. While section 790.22 does not contain any express restriction on the court's discretion to withhold adjudication, it does contain an express restriction on the court's discretion to credit a minor with time served before adjudication. In State v. A.B., 725 So.2d 1263 (Fla. 4th DCA 1999), the Fourth District Court of Appeal concluded that the use of the word "adjudication" in section 790.22(9) meant formal disposition of the charge. We agree. Here the formal disposition of the charge occurred when the trial court withheld adjudication.
Accordingly, because the fifteen-day minimum detention period is mandatory and the trial court lacked discretion to credit a minor with time served prior to adjudication, we reverse the suspension of the detention period and remand for proceedings consistent with this Opinion.
Reversed and remanded.
NOTES
[1] The trial court dismissed the count for possession of cannabis (Count I).
[2] Appellee served twenty-one days in detention following his arrest.
[3] An earlier version of this statute mandated the opposite, i.e., that "[t]he minor shall receive credit for time served before adjudication." In 1999, however, the legislature revised subsection (9) to eliminate the provision for credit for time served before adjudication.