CASANUEVA, Judge.
C.S. appeals his adjudication of delinquency for commission of an aggravated assault with a deadly weapon, as well as the order imposing costs and surcharges entered at the hearing on his motion to correct disposition errors. We affirm the adjudication of delinquency and imposition *707 of one of the costs. We reverse on the other surcharges and remand.
After trial, the trial judge imposed several costs without providing statutory authority for those costs. C.S. filed a motion to correct disposition errors pursuant to Florida Rule of Juvenile Procedure 8.135. At the hearing on the motion, the trial judge made the following pronouncement:
[T]he Court will re-impose $165 and specify that those costs came from the mandatory court costs in 938.01, which is the clearing trust fund, $3, crimes compensation trust fund of 938.03 in the amount of $50, the additional court costs for felonies, 938.05, in the amount of $112, for a total of $165.
On appeal, C.S. argues that the trial court erred in imposing costs pursuant to sections 938.01 and 938.05, Florida Statutes (2005). The State correctly concedes error on the cost imposed pursuant to section 938.05. See V.K.E. v. State, 934 So.2d 1276, 1282 (Fla.2006) (holding that section 938.05 does not apply in juvenile delinquency proceedings). In V.K.E., the supreme court reasoned that an adult sanction, cost, or surcharge is not applicable in a juvenile delinquency proceeding unless the relevant statute expressly states otherwise. Id. Like section 938.05, section 938.01 makes no mention of juvenile delinquency proceedings. Therefore, both the $3 surcharge imposed pursuant to section 938.01 and the $112 cost imposed pursuant to section 938.05 should be stricken.
C.S. also argues that the trial judge originally imposed the $50 surcharge pursuant to section 938.03 as a term of his probation; therefore, he contends it was error for the judge to reimpose the cost at the hearing on the motion to correct disposition errors when he had already completed his probationary term. We find no merit to this argument. Section 938.03 makes this $50 cost mandatory for any adjudication of delinquency, providing that “[tjhese costs shall not be waived by the court.” § 938.03(2). Nothing in the record demonstrates the court imposed this cost as a term of probation.
Accordingly, we affirm the adjudication of delinquency as well as the $50 cost imposed pursuant to section 938.03. We reverse and remand with instructions that the trial court strike the costs imposed pursuant to sections 938.01 and 938.05. We note that C.S. is entitled to a refund of any amount he may have already paid towards these costs.
Affirmed in part, reversed in part, and remanded with instructions.
VILLANTI and LaROSE, JJ„ Concur.