67 So.3d 232 (2010)
M.A.R., Appellant,
v.
STATE of Florida, Appellee.
No. 2D09-5200.
District Court of Appeal of Florida, Second District.
September 22, 2010.
*233 James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Jonathan P. Hurley, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
M.A.R., a juvenile, seeks review of the trial court's order adjudicating him delinquent, placing him on probation, and suspending his driver's license based on his admission to the offense of fleeing or eluding. M.A.R. argues that the trial court erred in determining that the mandatory sentencing provisions of sections 316.1935(5) and (6), Florida Statutes (2008), apply to juveniles. Because sections 316.1935(5) and (6) do not contain a clear legislative mandate that they apply to juvenile proceedings, the court erred in determining that it was required to adjudicate M.A.R. delinquent and suspend his driver's license under these provisions.
Prior to entering his plea to the charge in this case, M.A.R. had filed motions asking the court to issue an order finding that an adjudication of delinquency and driver's license revocation were not required under sections 316.1935(5) and (6). M.A.R. argued that these adult sanctions were not applicable to juveniles. The court held a hearing on the motions and issued an order denying relief. The court thereafter imposed sanctions including an adjudication of delinquency and suspension of M.A.R.'s driver's license.
*234 The issue on appeal is whether the mandatory sentencing provisions in sections 316.1935(5) and (6) apply to juveniles. Sections 316.1935(1)-(4) make it a crime to commit the offenses of fleeing or eluding a law enforcement officer and aggravated fleeing or eluding. Subsections (5) and (6) provide as follows:
(5) The court shall revoke, for a period not less than 1 year nor exceeding 5 years, the driver's license of any operator of a motor vehicle convicted of a violation of subsection (1), subsection (2), subsection (3), or subsection (4).
(6) Notwithstanding s. 948.01, no court may suspend, defer, or withhold adjudication of guilt or imposition of sentence for any violation of this section. A person convicted and sentenced to a mandatory minimum term of incarceration under paragraph (3)(b) or paragraph (4)(b) is not eligible for statutory gain-time under s. 944.275 or any form of discretionary early release, other than pardon or executive clemency or conditional medical release under s. 947.149, prior to serving the mandatory minimum sentence.
We review the court's construction of these statutes de novo. Polite v. State, 973 So.2d 1107, 1111 (Fla.2007).
"[T]he legislature has created a juvenile justice system as a totally separate and distinct rehabilitative alternative to the punitive criminal justice system, and not as a subset of that system with all of its attendant punitive measures and costs." V.K.E. v. State, 934 So.2d 1276, 1278 (Fla. 2006). Thus, adult sanctions are not applicable to juvenile proceedings unless the legislature makes them expressly applicable. Id. at 1282. The resolution of this question will therefore turn upon "whether there is a clear legislative mandate to have sections" 316.1935(5) and (6) apply to juvenile proceedings. See T.L.S. v. State, 949 So.2d 290, 292 (Fla. 5th DCA 2007).
In this case, no such mandate appears. Section 316.1935(5) applies to defendants "convicted of a violation of subsection (1), subsection (2), subsection (3), or subsection (4)." However, juveniles who have been adjudicated delinquent are not "convicted." See § 985.35(6), Fla. Stat. (2008); State v. N.P., 913 So.2d 1, 2 (Fla. 2d DCA 2005); D.A. v. State, 11 So.3d 423, 423 (Fla. 4th DCA 2009). Thus, the mandatory sentencing provision of section 316.1935(5) does not apply. Compare N.P., 913 So.2d at 2 (holding that section 806.13(6)(a), Florida Statutes (2003), does not apply to juveniles because it provides for the imposition of a fine "only on those individuals who have been `convicted'" and "juveniles are not deemed to be `convicted'"); with State v. K.R.G., 12 So.3d 1269, 1269 (Fla. 2d DCA 2009) (applying to juvenile proceedings section 322.056(1)(a)(1), Florida Statutes (2007), which requires revocation of the driver's license of a person under 18 years of age who is found guilty of or delinquent for certain crimes).
We reject the State's argument that, under section 322.01(11)(a), Florida Statutes (2008), an adjudication of delinquency constitutes a "conviction." Section 322.01(11)(a) provides as follows:
"Conviction" means a conviction of an offense relating to the operation of motor vehicles on highways which is a violation of this chapter or any other such law of this state or any other state, including an admission or determination of a noncriminal traffic infraction pursuant to s. 318.14, or a judicial disposition of an offense committed under any federal law substantially conforming to the aforesaid state statutory provisions.
The State's argument is not persuasive for two reasons. First, section 322.01(11)(a) expressly applies to the use *235 of the term in chapter 322, not chapter 316. Chapter 322 is entitled "Drivers' Licenses," and section 322.01 sets forth definitions "[a]s used in this chapter." In fact, the legislature has clearly explained that adjudications of delinquency do not constitute convictions "[e]xcept as the term `conviction' is used in chapter 322" and except for use in subsequent proceedings under chapter 985. § 985.35(6). Second, section 322.01(11)(a) does not contain a clear legislative mandate that it apply to juvenile proceedings.
As for section 316.1935(6), we recognize it is not limited to defendants "convicted" of particular violations. However, section 316.1935(6) likewise does not contain a clear legislative mandate that it apply to juvenile proceedings. Subsection 316.1935(6) states, in pertinent part, that "no court may suspend, defer, or withhold adjudication of guilt or imposition of sentence for any violation of this section." It does not reference juveniles or adjudications of delinquency or withholds of adjudication of delinquency. Furthermore, juvenile courts do not "suspend, defer, or withhold adjudication of guilt"; they adjudicate or withhold delinquency. See § 985.35(4)-(6); State v. Menuto, 912 So.2d 603, 607 (Fla. 2d DCA 2005) ("[T]he juvenile justice system does not recognize the concept of `guilt.'").
The State's reliance on State v. A.B., 725 So.2d 1263 (Fla. 4th DCA 1999), is misplaced. The court in A.B. interpreted a statute that provided for sentencing of a minor found to have committed an offense involving the use or possession of a firearm. See id. at 1263 n. 1. In determining that this juvenile statute permitted a withhold of adjudication of delinquency, the court explained that it did not expressly preclude a withhold of adjudication of delinquency. See id. at 1263. The court contrasted the juvenile statute with its "adult counterpart," which expressly precluded a withhold of adjudication of guilt. See id. A.B. did not concern the issue of whether the adult sanction applied to the juvenile. Thus, the court's reference to the provision allowing a withhold of adjudication of guilt in the adult sanction was not for the purposes of determining that the adult sanction contained a clear legislative mandate that it applied to juvenile proceedings.
For these reasons, the trial court erred in determining that the mandatory sentencing provisions of sections 316.1935(5) and (6) apply to juveniles. Because the trial court was clearly under the impression that these adult sanctions were mandatory, we reverse and remand for reconsideration of the disposition.
Reversed and remanded.
WHATLEY and BLACK, JJ., Concur.