ORFINGER, J.
S.S.M. appeals the imposition of a $201 surcharge assessed against her after she pled guilty to two counts of battery. S.S.M. argues that because of her status as a juvenile, the surcharge is not applicable. This court has jurisdiction. See Fla. R.App. P. 9.030(b)(1)(A). We affirm.
S.S.M. was charged in the juvenile division of the circuit court with two counts of battery, and, thereafter, pled guilty to the charges. At sentencing, over the objection of her attorney, the trial judge assessed a “784 surcharge” against S.S.M. The “784 surcharge” is a statutorily mandated cost of $201 imposed by the court in addition to “any sanction imposed for a violation of ... s. 784.03.... ” § 938.08, Fla. Stat. (2004)[1] (emphasis added). On appeal, S.S.M. contends the surcharge does not apply in juvenile prosecutions because section 985.221, Florida Statutes (2004), prohibits the court from assessing fees against a party in a delinquency proceeding. Section 985.221 reads:
In any proceeding under this chapter, court fees shall not be charged against, nor witness fees allowed to, any party to a delinquency petition or any parent or legal guardian or custodian or child named in a summons. Other witnesses shall be paid the witness fees fixed by law.
*85 We review the matter de novo, as it is an issue of statutory construction. Armstrong v. Harris, 773 So.2d 7, 11 (Fla.2000); U.S. v. Moody, 977 F.2d 1420 (11th Cir.1992).
S.S1M. argues that the surcharge found in the statute dealing generally with criminal court costs should not apply to juvenile delinquency matters because it conflicts with a more specific provision of juvenile law, section 985.221, prohibiting the imposition of “court fees” on parties to delinquency proceedings. In support of her argument, S.S.M. asks us to compare section 938.08, Florida Statutes (2004), the statute in question here, with another provision in the same chapter, section 938.03, Florida Statutes (2004), establishing the Crimes Compensation Trust Fund. Section 938.03(1) mandates the imposition of a Crimes Compensation Trust Fund fee on “any person ... adjudicated delinquent.” § 938.03(1), Fla. Stat. (2004). S.S.M. reasons that because section 938.03 specifically included juvenile offenders, it was found to be an exception to the general cost prohibition found in section 985.221 by this Court in P.P. v. State, 671 So.2d 894 (Fla. 5th DCA 1996). S.S.M. argues that because 'the statute at issue here, section 938.08, does not specifically include “persons adjudicated delinquent” as individuals to whom the statute applies, it should not be considered an exception to section 985.221 generally prohibiting the imposition of court fees against juvenile offenders.
The State responds that section 938.08 imposes the surcharge on any defendant who “violates” section 784.03 without exception for juveniles. The State also argues that because section 938.08 is a more recent enactment than section 985.221, it should prevail.
We believe that a plain reading of section 938.08 supports the cost assessment in a juvenile proceeding. Section 938.08 states that a fee be assessed for “a violation of ... s. 784.03....” § 938.08, Fla. Stat. (2004) (emphasis added). Section 985.03(58), Florida Statutes (2004), defines a “ ‘violation of law1 or ‘delinquent act ’ ” as “a violation of any law of this state, the United States, or any other states which is a misdemeanor, or a felony or a violation of a county or municipal ordinance which would be punishable by incarceration if the violation were committed by an adult.” § 985.03, Fla. Stat. (2004) (emphasis .added). Clearly, under section 985.03(58), a “delinquent act” is defined as a “violation of law.” A “violation of law,” specifically, a violation of section 784.03, is the necessary predicate for the imposition of the $201 surcharge. § 938.08, Fla. Stat. (2004).
Finally, if statutes are inconsistent or conflict, the last expression of legislative intent, in point of time or order, prevails. Askew v. Schuster, 331 So.2d 297, 298 (Fla.1976); Sharer v. Hotel Corp. of Am., 144 So.2d 813, 816-17 (Fla.1962); see P.P., 671 So.2d at 895. The last expression of the Legislature prevails due to the general presumption that later statutes are passed by the Legislature with the knowledge of prior existing laws. Oldham v. Rooks, 361 So.2d 140, 143 (Fla.1978); J.A. v. State, 633 So.2d 108, 110 (Fla. 2d DCA 1994). Here, section 938.08, requiring the $201 surcharge for a “violation” of section 784.03, would prevail because it was passed in 2001, while section 985.221 was last updated in 1997. We presume that the Legislature was aware of the latter statute when passing the former.
AFFIRMED.
PLEUS and TORPY, JJ„ concur.

. Section 784.03, Florida Statutes (2004), codifies the crime of battery.