ORFINGER, J.
As in S.S.M. v. State, 898 So.2d 84 (Fla. 5th DCA 2004), the issue in this case is whether section 985.221, Florida Statutes (2004), prohibits the court in delinquency matters, from assessing the surcharge mandated by section 938.08, Florida Statutes (2004). Like S.S.M., S.L.G. contends that the sanction does not apply in juvenile delinquency proceedings.
Section 985.221 provides:
In any proceeding under this chapter, court fees shall not be charged against, nor witness fees allowed to, any party to a delinquency petition or any parent or legal guardian or custodian or child named in a summons. Other witnesses shall be paid the witness fee fixed by law.
(Emphasis added).
In S.S.M., we said:
[A] plain reading of section 938.08 supports the cost assessment in a juvenile proceeding. Section 938.08 states that a fee be assessed for “a violation of ... s. 784.03....” § 938.08, Fla. Stat. (2004) (emphasis added). Section 985.03(58), Florida Statutes (2004), defines a “ ‘violation of law* or ‘delinquent act’ ” as “a violation of any law of this state, the United States, or any other states which is a misdemeanor or a felony or a violation of a county or municipal ordinance which would be punishable by incarceration if the violation were committed by an adult.” § 985.03, Fla. Stat. (2004) (emphasis added). Clearly, under section 985.03(58), a “delinquent act” is defined as a “violation of law.” A “violation of law,” specifically, a violation of section 784.03, is the necessary predicate for the imposition of the $201 surcharge. § 938.08, Fla. Stat. (2004).
898 So.2d at 84.
We also observe that section 985.221, the statute relied on by both S.S.M. and S.L.G., prohibits only the imposition of court fees in juvenile proceedings. The statute is silent as the imposition of court costs, fines or surcharges. Although the terms “fees” and “costs” are often used interchangeably, each has a specific meaning in law. “Fees,” the only item prohibited by the statute, are charges fixed by law for the services of public officers or for the use of some privilege under control of the government. See Crawford v. Bradford, 23 Fla. 404, 2 So. 782 (1887); 20 Am.Jur.2d Costs § 1 (2004). “Costs” are statutory allowances recoverable by the prevailing party to reimburse the prevailing party for expenses incurred in prosecuting or defending the proceeding. See Golub v. Golub, 336 So.2d 693, 694 (Fla. 2d DCA 1976). The charge required by section 938.08 is not a court fee that would be prohibited by section 985.211. We did not address in S.S.M., nor do we address today, the *615 broader question of whether fines, costs or surcharges can be imposed in juvenile proceedings under the authority of general criminal law, absent specific statutory authorization. That issue must be left for another day.
AFFIRMED.
PLEUS, C.J., concurs.
SAWAYA, J., dissents, with opinion.