SAWAYA, J.,
dissenting.
I respectfully dissent. The majority contends that the broader question of whether fines, costs, or surcharges can be imposed in juvenile proceedings under the authorization of general criminal law, absent specific statutory authorization, was not raised by the parties and “must be left for another day.” I disagree. That issue was specifically raised by the parties. I quote from the Answer Brief of Appellee the following:
The issue presented in this case is whether mandatory surcharges imposed upon a finding of violation of certain enumerated offenses are applicable to juvenile offenders. Appellee contends that under the clear language of sections 938.08 and 938.085, Florida Statutes (2003), these statutory surcharges are properly assessed against juveniles who commit a violation of the listed crimes.
Although there was no specific reference to the statute or specific authority for imposition of the costs below, it is clear from the record that the trial court was aware of the nature of the objection based on other cases before the same judge. Appellee respectfully requests this Honorable Court to definitively resolve this issue by written opinion as expeditiously as possible.
(Footnote omitted).
Indeed, in the footnote that I omitted, the Appellee cites nine pending cases where this general issue has been raised and specifically requests this court to resolve it. Instead, the majority elects to address the much more narrow issue whether section 985.221, Florida Statutes (2004), prohibits the imposition of costs, fines, and surcharges and decides that issue in accordance with this court’s prior decision in S.S.M. v. State, 898 So.2d 84 (Fla. 5th DCA 2004), which held that because section 985.221 prohibits only the imposition of court fees in juvenile proceedings, the imposition of costs, surcharges, and fines is not improper. Since the general issue has been raised, I believe it is the duty of this court to resolve it. Not only do I think this court should address the general issue in the instant case, I believe we should have addressed it in S.S.M. because the clear implication of that decision is that fines, costs, and surcharges authorized by statutes in the Criminal Punishment Code may be imposed in juvenile cases without specific legislative authorization.
Addressing the general issue that is before us, I refer to Judge Sharp’s concurring opinion in V.K.E. v. State, 902 So.2d 343 (Fla. 5th DCA 2005), wherein she explains why this court’s decision in S.S.M. is wrongly decided. I believe Judge Sharp’s analysis is correct and adopt it as my own. I would only emphasize that imposition of costs, fees, and surcharges on juveniles, most of whom are too young to work and have no source of income, makes no sense.
In my view, because it is improper to impose fines, costs, or surcharges in juvenile proceedings that are not specifically authorized by the Legislature, and in light of the fact that section 938.08, Florida Statutes (2004), does not contain the necessary authorization, the surcharge should be stricken.