VILLANTI, Judge.
The State appeals the trial court’s order refusing to assess surcharges of $201 under section 938.08, Florida Statutes (2004), and $151 under section 938.085, Florida Statutes (2004), against five juveniles— J.C., J.G., E.G., T.N., and C.C. The trial court refused to assess the surcharges because, in contrast to section 938.03, Florida Statutes (2004),[1] sections 938.08 and 930.085 “make absolutely no reference to being adjudicated delinquent or the commission of a delinquent act.” We reverse and certify a question of great public importance.
J.C., J.G., E.G., T.N., and C.C. are all juveniles who were charged by petitions for delinquency. J.C., J.G., E.G., and C.C. were charged with battery. § 784.03, Fla. Stat. (2004). J.G. was also charged with assault and obstructing or resisting an officer without violence. §§ 784.011, 843.02, Fla. Stat. (2004). T.N. was charged with battery on a school board employee. § 784.081, Fla. Stat. (2004). The juveniles all admitted to the offenses as charged. The two judges handling their cases withheld adjudication, and after a hearing, decided not to impose the mandatory surcharges set forth in sections 938.08 and 930.085. One judge held a hearing announcing the court’s decision, and the other judge entered an order in all the cases. The court’s order discussed the language of the statute, statutory construction, and legislative intent, reasoning that “it is impossible to conclude anything other than if the Legislature intended that [sections] 938.08 and 938.085 should be applied to juvenile cases, they would have said so; *849 because they did not, these surcharged do not apply to juvenile cases.”
Our standard of review is de novo, as this case presents an issue of statutory construction. See S.S.M. v. State, 898 So.2d 84 (Fla. 5th DCA 2004).
Section 938.08 provides:
Additional cost to fund programs in domestic violence. — In addition to any sanction imposed for a violation of s. 784.011, s. 784.021, s. 784.03, s. 784.041, s. 784.045, s. 784.048, s. 784.07, s. 784.08, s. 784.081, s. 784.082, s. 784.083, s. 784.085, s. 794.011, or for any offense of domestic violence described in s. 741.28, the court shall impose a surcharge of $201.
Section 938.085 provides:
Additional cost to fund rape crisis centers. — In addition to any sanction imposed when a person pleads guilty or nolo contendere to, or is found guilty of, regardless of adjudication, a violation of s. 784.011, s. 784.021, s. 784.03, s. 784.041, s. 784.045, s. 784.048, s. 784.07, s. 784.08, s. 784.081, s. 784.082, s. 784.083, s. 784.085, or s. 794.011, the court shall impose a surcharge of $151.
The juveniles advance two arguments that these surcharges to fund domestic violence programs and rape crisis centers do not apply to juvenile delinquency matters. First, they argue that sections 938.08 and 938.085 do not expressly impose costs to “persons adjudicated delinquent.” Second, they argue that section 985.221, Florida Statutes (2003), prohibits the imposition of “court fees” on “any party to a delinquency petition.” The Fifth District has already considered and rejected both arguments in S.S.M., 898 So.2d 84, and V.K.E. v. State, 902 So.2d 343 (Fla. 5th DCA 2005). In S.S.M., the Fifth District reasoned that the plain meaning of section 938.08 supports assessment of the surcharge in a juvenile proceeding. Section 938.08 requires a court to impose the surcharge for “a violation.” According to section 985.03(58), Florida Statutes (2004),[2] a delinquent act is by definition a “violation of any law,” thus triggering the imposition of the $201 surcharge under section 938.08. S.S.M., 898 So.2d 84. In V.K.E., 902 So.2d 343, the Fifth District applied the same reasoning to section 938.085.
The juveniles argue, and the court below agreed, that because the legislature did not expressly include juveniles in the surcharge statutes, it meant to exclude them. However, this principle of statutory con[1] struction, expressio unius est exdusio al-terius, does not apply here. As discussed above, a delinquent act is by definition a “violation of any law.” § 985.03(58). Therefore, by imposing surcharges for a “violation” in sections 938.08 and 938.085, the legislature specifically included juvenile offenses. Cf. State v. N.P., 913 So.2d 1, 2 (Fla. 2d DCA 2005) (finding that the fine in section 806.13(6)(a) did not apply to juveniles because the language of the statute applied to individuals who have been “convicted ” and “juveniles are not deemed to be ‘convicted’ by adjudications of delinquency”) (emphasis added).
The Fifth District also addressed section 985.221’s prohibition on the imposition of court fees on parties to a delinquency petition in S.S.M., 898 So.2d 84. The court explained that if section 985.221, which prohibited imposition of court fees on juveniles, and section 938.08, which required imposition of the surcharge for a *850 violation, were inconsistent, section 938.08 would prevail because it is the more recent[3] of the two statutes. “[T]he last expression of legislative intent, in point of time or order, prevails” because there is a presumption that “later statutes are passed by the Legislature with the knowledge of prior existing laws.” Id. at 85. The Fifth District also applied this reasoning to section 938.085.[4] V.K.E., 902 So.2d 343.
We agree with the Fifth District’s reasoning. Because all five juveniles were found in violation of the laws referenced in sections 938.08 and 938.085, the plain language of those statutes requires imposition of the surcharges. The fact that the trial court withheld adjudication is irrelevant. See State v. Menuto, 912 So.2d 603, 606 (Fla. 2d DCA 2005) (“In a juvenile proceeding, a finding that the child has committed a delinquent act or violation of law occurs when the court withholds adjudication of delinquency and when the court adjudicates the child delinquent. § 985.228(4), Fla. Stat. (2002).”).
We recognize that the “two penal systems for handling adults and juveniles are ... guided by such different philosophies and goals.” V.K.E., 902 So.2d 343, 347 (Sharp, J., concurring specially). However, we will defer to the plain meaning of the statute and the presumption that the legislature knew what it was doing when it enacted a law imposing surcharges on all violations of the referenced statutes, despite its earlier reluctance to impose court fees on juveniles. Accordingly, we reverse and remand for imposition of the surcharges.
We certify the same question of great public importance that the Fifth District certified in V.K.E., 902 So.2d at 344:
DOES A TRIAL JUDGE HAVE THE POWER AND AUTHORITY TO IMPOSE ON JUVENILES IN A JUVENILE DELINQUENCY PROCEEDING THE MANDATORY SURCHARGES SET FORTH IN SECTIONS 938.08 AND 930.085?
Reversed and remanded; question certified.
CASANUEVA and LaROSE, JJ., Concur.

. Section 938.03 provides:
(1) Any person pleading guilty or nolo contendere to, or being convicted of or adjudicated delinquent for, any felony, misdemeanor, delinquent act, or criminal traffic offense under the laws of this state or the violation of any municipal or county ordinance which adopts by reference any misdemeanor under state law, shall pay as an additional cost in the case, in addition and prior to any other cost required to be imposed by law, the sum of $50. Any person whose adjudication is withheld shall also be assessed such cost.

. Section 985.03(58) provides that ‘[v]iolation of law' or " 'delinquent act' means a violation of any law of this state, the United States, or any other state which is a misdemeanor or a felony or a violation of a county or municipal ordinance which would be punishable by incarceration if the violation were committed by an adult.”

. Section 938.08 became effective on July 1, 2001. Section 985.221 was last amended in 1997.

. Section 938.085 became effective on July 1, 2003.