912 So.2d 613 (2005)
S.L.G., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-1149.
District Court of Appeal of Florida, Fifth District.
August 5, 2005.
Order Denying Rehearing and Certifying Question October 14, 2005.
*614 James S. Purdy, Public Defender, and Meghan Ann Collins, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Belle B. Schumann, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
As in S.S.M. v. State, 898 So.2d 84 (Fla. 5th DCA 2004), the issue in this case is whether section 985.221, Florida Statutes (2004), prohibits the court in delinquency matters, from assessing the surcharge mandated by section 938.08, Florida Statutes (2004). Like S.S.M., S.L.G. contends that the sanction does not apply in juvenile delinquency proceedings.
Section 985.221 provides:
In any proceeding under this chapter, court fees shall not be charged against, nor witness fees allowed to, any party to a delinquency petition or any parent or legal guardian or custodian or child named in a summons. Other witnesses shall be paid the witness fee fixed by law.
(Emphasis added).
In S.S.M., we said:
[A] plain reading of section 938.08 supports the cost assessment in a juvenile proceeding. Section 938.08 states that a fee be assessed for "a violation of ... s. 784.03. . . ." § 938.08, Fla. Stat. (2004) (emphasis added). Section 985.03(58), Florida Statutes (2004), defines a "`violation of law' or `delinquent act'" as "a violation of any law of this state, the United States, or any other states which is a misdemeanor or a felony or a violation of a county or municipal ordinance which would be punishable by incarceration if the violation were committed by an adult." § 985.03, Fla. Stat. (2004) (emphasis added). Clearly, under section 985.03(58), a "delinquent act" is defined as a "violation of law." A "violation of law," specifically, a violation of section 784.03, is the necessary predicate for the imposition of the $201 surcharge. § 938.08, Fla. Stat. (2004).
898 So.2d at 84.
We also observe that section 985.221, the statute relied on by both S.S.M. and S.L.G., prohibits only the imposition of court fees in juvenile proceedings. The statute is silent as the imposition of court costs, fines or surcharges. Although the terms "fees" and "costs" are often used interchangeably, each has a specific meaning in law. "Fees," the only item prohibited by the statute, are charges fixed by law for the services of public officers or for the use of some privilege under control of the government. See Crawford v. Bradford, 23 Fla. 404, 2 So. 782 (1887); 20 Am.Jur.2d Costs § 1 (2004). "Costs" are statutory allowances recoverable by the prevailing party to reimburse the prevailing party for expenses incurred in prosecuting or defending the proceeding. See Golub v. Golub, 336 So.2d 693, 694 (Fla. 2d DCA 1976). The charge required by section 938.08 is not a court fee that would be prohibited by section 985.211. We did not address in S.S.M., nor do we address today, the *615 broader question of whether fines, costs or surcharges can be imposed in juvenile proceedings under the authority of general criminal law, absent specific statutory authorization. That issue must be left for another day.
AFFIRMED.
PLEUS, C.J., concurs.
SAWAYA, J., dissents, with opinion.
SAWAYA, J., dissenting.
I respectfully dissent. The majority contends that the broader question of whether fines, costs, or surcharges can be imposed in juvenile proceedings under the authorization of general criminal law, absent specific statutory authorization, was not raised by the parties and "must be left for another day." I disagree. That issue was specifically raised by the parties. I quote from the Answer Brief of Appellee the following:
The issue presented in this case is whether mandatory surcharges imposed upon a finding of violation of certain enumerated offenses are applicable to juvenile offenders. Appellee contends that under the clear language of sections 938.08 and 938.085, Florida Statutes (2003), these statutory surcharges are properly assessed against juveniles who commit a violation of the listed crimes.
Although there was no specific reference to the statute or specific authority for imposition of the costs below, it is clear from the record that the trial court was aware of the nature of the objection based on other cases before the same judge. Appellee respectfully requests this Honorable Court to definitively resolve this issue by written opinion as expeditiously as possible.
(Footnote omitted).
Indeed, in the footnote that I omitted, the Appellee cites nine pending cases where this general issue has been raised and specifically requests this court to resolve it. Instead, the majority elects to address the much more narrow issue whether section 985.221, Florida Statutes (2004), prohibits the imposition of costs, fines, and surcharges and decides that issue in accordance with this court's prior decision in S.S.M. v. State, 898 So.2d 84 (Fla. 5th DCA 2004), which held that because section 985.221 prohibits only the imposition of court fees in juvenile proceedings, the imposition of costs, surcharges, and fines is not improper. Since the general issue has been raised, I believe it is the duty of this court to resolve it. Not only do I think this court should address the general issue in the instant case, I believe we should have addressed it in S.S.M. because the clear implication of that decision is that fines, costs, and surcharges authorized by statutes in the Criminal Punishment Code may be imposed in juvenile cases without specific legislative authorization.
Addressing the general issue that is before us, I refer to Judge Sharp's concurring opinion in V.K.E. v. State, 902 So.2d 343 (Fla. 5th DCA 2005), wherein she explains why this court's decision in S.S.M. is wrongly decided. I believe Judge Sharp's analysis is correct and adopt it as my own. I would only emphasize that imposition of costs, fees, and surcharges on juveniles, most of whom are too young to work and have no source of income, makes no sense.
In my view, because it is improper to impose fines, costs, or surcharges in juvenile proceedings that are not specifically authorized by the Legislature, and in light of the fact that section 938.08, Florida Statutes (2004), does not contain the necessary authorization, the surcharge should be stricken.

*616 ON MOTION FOR REHEARING

ORFINGER, J.
We deny Appellant's motion for rehearing but, as we have in other cases, certify to the Florida Supreme Court, the following question as one of great public importance:
DOES A TRIAL JUDGE HAVE THE POWER AND AUTHORITY TO IMPOSE ON JUVENILES IN A JUVENILE DELINQUENCY PROCEEDING, THE MANDATORY SURCHARGES SET FORTH IN SECTIONS 938.08 AND 930.085?
REHEARING DENIED; QUESTION CERTIFIED.
PLEUS, C.J., and SAWAYA, J., concur.