CANTERO, J.,
dissenting.
I would apply the plain meaning of the statutes and answer “yes” to the certified question. I would therefore approve the district court’s decision in this case, see V.K.E. v. State, 902 So.2d 343, 344 (Fla. 5th DCA 2005), as well as other courts that have upheld imposition of statutory surcharges in delinquency proceedings. See, e.g., State v. J.C., 916 So.2d 847 (Fla. 2d DCA 2005); S.L.G. v. State, 912 So.2d 613 (Fla. 5th DCA 2005); S.S.M. v. State, 898 So.2d 84 (Fla. 5th DCA 2004). As these courts consistently have found, the statutes at issue are unambiguous and therefore must be applied as written.
The majority instead concludes that sections 938.08 and 938.085, Florida Statutes (2001, 2003), do not apply in juvenile delinquency proceedings. Majority op. at 1282. It relies on “the overriding indications of legislative intent discussed by Judge Sharp” in her specially concurring opinion in V.EE. Majority op. at 1278. The legislative intent is far from clear, however, and certainly is insufficient to trump the plain language of the statutes. Therefore, I must dissent.
In the following discussion, I will (A) analyze the plain meaning of the statutes and conclude that they apply to juvenile delinquency proceedings; and (B) address *1286 the majority’s arguments for a contrary interpretation.
A. The Plain Meaning of the Statutes
The surcharges at issue were mandated under sections 938.08 and 938.085, Florida Statutes (2001, 2003), which state in relevant part:
938.08 Additional cost to fund programs in domestic violence. — In addition to any sanction imposed for a violation of ... s. 784.03, ... the court shall impose a surcharge of $201. Payment of the surcharge shall be a condition of probation, community control, or any other court-ordered supervision....
938.085 Additional cost to fund rape crisis centers. — In addition to any sanction imposed when a person pleads guilty or nolo contendere to, or is found guilty of, regardless of adjudication, a violation of ... s. 784.03, ... the court shall impose a surcharge of $151. Payment of the surcharge shall be a condition of probation, community control, or any other court-ordered supervision.
The issue is whether sections 938.08 and 938.085 apply in juvenile delinquency proceedings. This issue is purely one of statutory interpretation. Although legislative intent guides our analysis, see Knowles v. Beverly Enters.-Fla., Inc., 898 So.2d 1, 5 (Fla.2004), to determine that intent we look first to the statute’s plain meaning. State v. Dugan, 685 So.2d 1210, 1212 (Fla. 1996). “The cardinal rule of statutory construction is ‘that a statute should be construed so as to ascertain and give effect to the intention of the Legislature as expressed in the statute.’ ” City of Tampa v. Thatcher Glass Corp., 445 So.2d 578, 579 (Fla.1984) (emphasis added) (quoting Deltona Corp. v. Fla. Pub. Serv. Comm’n, 220 So.2d 905, 907 (Fla.1969)). “[W]hen the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction.... ” Holly v. Auld, 450 So.2d 217, 219 (Fla.1984) (quoting A.R. Douglass, Inc. v. McRainey, 102 Fla. 1141, 137 So. 157, 159 (Fla.1931)). “[T]he legislative intent must be derived from the words used without involving incidental rules of construction or engaging in speculation as to what the judges might think that the legislators intended or should have intended.” Tropical Coach Line, Inc. v. Carter, 121 So.2d 779, 782 (Fla.1960). “[T]he statute must be given its plain and obvious meaning.” Holly, 450 So.2d at 219 (quoting McRainey, 137 So. at 159). Thus, the statute’s text is the most reliable and authoritative expression of the Legislature’s intent.
Under the plain language of the statutes in question, sections 938.08 and 938.085, they apply to juvenile delinquency proceedings. Section 938.08 states, without exception, that “[i]n addition to any sanction imposed for a violation of ... s. 784.03, ... the court shall impose a surcharge of $201.” (Emphasis added.) The statute thus requires the trial court to impose this surcharge on anyone, juvenile or otherwise, who violates section 784.03 (or any of the other statutes enumerated in section 938.08). This language is clear, definite, and unambiguous. Juveniles, as well as adults, can violate the law. Because V.K.E. pled nolo contendere to simple battery under section 784.03, under section 938.08 she committed a “violation of ... s. 784.03.”
That the court withheld adjudication of delinquency does not change the analysis. As one court has said, “[i]n a juvenile proceeding, a finding that the child has *1287 committed a delinquent act or violation of law occurs when the court withholds adjudication of delinquency and when the court adjudicates [a] child delinquent.” State v. Menuto, 912 So.2d 603, 606 (Fla. 2d DCA 2005) (emphasis added) (citing § 985.228(4), Fla. Stat. (2002)). Therefore, notwithstanding the trial court’s withholding of adjudication in this case, V.K.E. committed a “violation of law.”
Section 938.085 contains similar language. It provides that “[i]n addition to any sanction imposed when a person pleads ... nolo contendere to ... a violation of ... s. 784.03, ... the court shall impose a surcharge of $151.” (Emphasis added.) In this case, the State originally charged V.K.E. with felony battery under section 784.041, Florida Statutes (2002). However, the State and V.K.E. later agreed to a plea bargain. To avoid a possible conviction of felony battery, she pled nolo contendere to a violation of section 784.03 — simple battery. This plea placed her within the ambit of section 938.085 because she pled “nolo contendere to ... a violation of ... s. 784.03.” The statute requires the trial court to impose this $151 surcharge on anyone who pleads guilty or nolo contendere to a violation of section 784.03 (or any of the other statutes enumerated in section 938.08). The statute contains no exceptions for juveniles.
In addition, sections 938.08 and 938.085 explicitly state that “[pjayment of the surcharge shall be a condition of probation ... or any other court-ordered supervision.” (Emphasis added.) The trial court’s disposition order did impose the surcharges as a condition of probation. The order. includes, among the twenty-three conditions of V.KE.’s probation, payment of the surcharges.[5] The order reflects the language in sections 938.08 and 938.085 that “[pjayment of the surcharge shall be a condition of probation.”
Because the statutory language is clear and unambiguous, the analysis must end there. The plain meaning of sections 938.08 and 938.085 controls. As a majority of this Court recently noted, “[w]hile this may seem simplistic, it is nevertheless what is required.” Knowles, 898 So.2d at 11-12 (Cantero, J., concurring, with three other justices joining). The majority relies heavily on legislative intent, see majority op. at 1278, yet “the legislature is assumed to have expressed its intent through the words found in a statute.” Zuckerman v. Alter, 615 So.2d 661, 663 (Fla.1993). When that “language ... is clear and unambiguous, the legislative intent must be derived from the words used without involving rules of construction or speculating as to what the legislature intended.” Id. (emphasis added). Thus, I conclude that a trial judge has the authority to impose the surcharges set forth in sections 938.08 and 938.085 on juveniles in delinquency proceedings.
B. Arguments for Disregarding the Plain Language
In adopting Judge Sharp’s opinion as its own, the majority offers several grounds *1288 for disregarding the plain language of the statutes in question: (1) the Legislature created a separate juvenile justice system as a distinct rehabilitative alternative to the criminal justice system; (2) sections 938.08 and 938.085 do not specifically include delinquency proceedings; and (3) section 985.221, Florida Statutes (2004), prohibits the imposition of court fees in delinquency cases. I address each argument in turn below, and ultimately conclude that none justifies deviating from the plain language.
1. Juvenile System Separate from Criminal System
The majority endorses Judge Sharp’s argument that the Legislature “set[ ] up a separate procedure and system for handling juveniles ... different and apart from the adult system.” Majority op. at 1280-81 (quoting V.K.E., 902 So.2d at 346 (Sharp, J., concurring specially)). In this juvenile system (Chapter 985), Judge Sharp argues, the “stated public policy ... is to protect children ... and to insure their care, safety, treatment, education, and rehabilitation.” Id. However, such “vague notions of a statute’s ‘basic purpose’ are ... inadequate to overcome the words of its text regarding the specific issue under consideration.” Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 220, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002) (emphasis omitted) (quoting Mertens v. Hewitt Assocs., 508 U.S. 248, 261, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993)).
The majority cannot reconcile this characterization of “public policy” with section 985.228(4), Florida Statutes (2001), which demonstrates that the purposes of the juvenile justice system go beyond “care, safety, treatment, education, and rehabilitation” to include punishment as well. The statute authorizes a judge to “enter an order stating the facts upon which its finding is based but withholding adjudication of delinquency and placing [the juvenile] in a probation program under the supervision of the department.” Id. (emphasis added). It outlines the court’s authority over juveniles, such as V.K.E., who are not adjudicated delinquent: “The court may, as a condition of the [probation] program, impose as a penalty component restitution in money or in kind, community service, a curfew ... or other nonresidential punishment appropriate to the offense.” (Emphasis added.) This list is not exhaustive and leaves other sanctions within the court’s discretion.
Moreover, whatever purposes one may infer from Chapter 985, they are “inadequate to overcome the words of its text.” Knudson, 534 U.S. at 220, 122 S.Ct. 708. Section 985.228(4) does not preclude a court from imposing penalties on juveniles. Despite the “public policy underlying Chapter 985,” majority op. at 1281 (quoting V.K.E., 902 So.2d at 346 (Sharp, J., concurring specially)), section 985.228(4) does not preclude a judge from imposing on juveniles the surcharges in sections 938.08 and 938.085.
Nevertheless, the majority, again quoting Judge Sharp, advances two additional policy arguments against the imposition of the surcharges. First, it claims that the surcharges bear no rational relationship to the delinquent act in this case. Second, it assumes that in future cases they could be counterproductive. Neither of these claims is sufficient to override the plain language of the statutes.
The majority first argues that these surcharges, which fund domestic violence and rape crisis programs, bear no rational relationship to the offense in this case — simple *1289 battery. See majority op. at 1278-79 (quoting V.K.E., 902 So.2d at 345 (Sharp, J., concurring specially)). This rationale implies that a surcharge that funds a program, such as one for domestic violence, cannot be imposed unless the offense triggering the surcharge relates to that program. No law supports this view, and such an interpretation would render several parts of sections 938.08 and 938.085 inapplicable even to adult offenses. Cf. Unruh v. State, 669 So.2d 242, 245 (Fla. 1996) (“[C]ourts should avoid readings that would render part of a statute meaningless.”). Many of the offenses triggering the surcharges, enumerated in sections 938.08 and 938.085, are unrelated to rape, sexual assault, or domestic violence. See § 784.011, Fla. Stat. (2005) (assault); § 784.021, Fla. Stat. (2005) (aggravated assault); § 784.03, Fla. Stat. (2005) (battery); § 784.041, Fla. Stat. (2005) (felony battery). Several are inconsistent with the concept of domestic violence, see § 784.082, Fla. Stat. (2005) (assault or battery by person who is being detained in a prison, jail, etc.); § 784.048, Fla. Stat. (2005) (stalking), or the concept of rape, see § 784.085, Fla. Stat. (2005) (battery of a child by throwing, tossing, projecting, or expelling certain fluids or materials). Accepting Judge Sharp’s — now the majority’s — view would require us to prohibit the imposition of any surcharges, either upon a juvenile or an adult, when the offense is not directly related to the programs being funded. Yet sections 938.08 and 938.085 require that a court “shall impose” the surcharges at issue when they apply. This obligatory language indicates that the Legislature has deemed the surcharges appropriate even when the offense charged is unrelated to rape, sexual assault, or domestic violence.
The majority also adopts Judge Sharp’s argument that, “[i]f sections 938.08 and 938.085 are applicable to juvenile delinquency cases, then all of the costs and assessments ... in Chapter 938 ... are logically applicable to juveniles.” Majority op. at 1280 (quoting V.K.E., 902 So.2d at 346 (Sharp, J., concurring specially)). The majority also asserts that because most children are not wage earners, it is the parents who will often have to pay these surcharges. This contention resembles a claim that such a result would be unreasonable or ridiculous.
We will deviate from a statute’s plain language when necessary to avoid an absurd result. “[N]o literal interpretation should be given that lends to an. unreasonable or ridiculous conclusion.... ” State v. Sullivan, 95 Fla. 191, 116 So. 255, 261 (1928). But this exception to , the plain meaning rule is intended to be narrow. The United States Supreme Court, for example, “rarely invokes such a test to override unambiguous legislation.” Barnhart v. Sigmon Coal Co., 534 U.S. 438, 459, 122 S.Ct. 941, 151 L.Ed.2d 908 (2002). The fact that the surcharges are imposed on juveniles, who often are not wage earners, cannot be considered unreasonable or ridiculous. A court may reasonably contemplate that a juvenile’s parent or guardian can assist her in complying with an order to pay surcharges. Moreover, juveniles such as V.K.E. are not incapable of raising these funds themselves. In this case, the surcharges total $352, less than half of the $852.66 of restitution the court ordered (with which the majority apparently finds no problem). Thus, the imposition of the surcharges cannot be considered unreasonable or absurd.
2. Absence of Express Application to Delinquency Proceedings
The majority next claims that, unlike certain instances where the Legislature *1290 has expressly provided for the taxation of costs and surcharges against juveniles, sections 938.08 and 938.085 do not specify that they apply to delinquency proceedings. See majority op. at 1278. In particular, the majority relies on Judge Sharp’s discussion of section 938.03, Florida Statutes (2003). See id. at 1279, 1282 (citing V.K.E., 902 So.2d at 345, 347 (Sharp, J., concurring specially)). Section 938.03 states in relevant part:
Crimes Compensation Trust Fund.—
(1) Any person pleading guilty or nolo contendere to, or being convicted of or adjudicated delinquent for, any felony, misdemeanor, delinquent act, or criminal traffic offense under the laws of this state or the violation of any municipal or county ordinance which adopts by reference any misdemeanor under state law, shall pay as an additional cost in the case, in addition and prior to any other cost required to be imposed by law, the sum of $50. Any person whose adjudication is withheld shall also be assessed such cost.
(Emphasis added.) According to the majority, had the Legislature wanted the surcharges in sections 938.08 and 938.085 to apply to juveniles, it would have explicitly said so. See majority op. at 1278.
This argument alludes to a principle of statutory construction known as “expressio unius est exclusio alterius — the mention of one thing implies the exclusion of another.” Rotemi Realty, Inc. v. Act Realty Co., 911 So.2d 1181, 1187 (Fla.2005) (citing Grenitz v. Tomlian, 858 So.2d 999, 1002 (Fla.2003)). The Second District has concluded that the principle does not apply in this context. See State v. J.C., 916 So.2d 847, 849 (Fla. 2d DCA 2005) (rejecting the juveniles’ argument that, because the Legislature did not expressly include juveniles in the surcharge statutes, it meant to exclude them). I agree.
We use principles of statutory construction to interpret statutes only when they are ambiguous. “[T]he rules of statutory construction are the means by which courts seek to determine legislative intent only when that intent is not plain and obvious enough to be conclusive.” Knowles, 898 So.2d at 10 (emphasis added). “If the language of a statute is clear and unambiguous, the legislative intent must be derived from the words used without involving rules of construction or speculating as to what the legislature intended.” Zuckerman, 615 So.2d at 663. As I have noted above, the language of sections 938.08 and 938.085 is clear and unambiguous, and its plain meaning controls.
Even if we were free to use the canons of statutory construction, the principle of expressio unius applies to the mention of things within the same statute, and usually within the same sentence. It does not apply where something is mentioned in one statute but not in another. One cannot infer from the Legislature’s explicit application of section 938.03 to juvenile proceedings that the absence of such language in sections 938.08 and 938.085 reflects an intent not to apply those statutes to juvenile proceedings. Section 938.03 applies to certain specified areas: “any felony, misdemeanor, delinquent act, or criminal traffic offense.” The principle of expressio unius permits the inference that it does not apply to categories not mentioned in that sentence. On the other hand, the language of sections 938.08 and 938.085 does not indicate that the statutes apply only to adults, or only in specified proceedings. Nor does either one specify that, for purposes of the statute, only adults can violate any of the enumerated *1291 provisions. Instead, they require, without special language, the imposition. of these surcharges “for a violation of’ or “when a person pleads guilty or nolo contendere to, or is found guilty of ... a violation of’ any of the enumerated offenses. See §§ 938.08, 938.085. This broad language contains no references to adults that would permit the inference that juveniles were intended to be excluded.
Justice Pariente argues that the majority and Judge Sharp are not applying the principle of expressio unius, but “are instead applying an ‘in pari materia’ construction by construing these related statutory provisions in harmony with one another.” Specially concurring op. at 1283. But as I noted above, we use canons of statutory construction only when statutes are ambiguous. See Knowles, 898 So.2d at 10; Zuckerman, 615 So.2d at 663. The language of sections 938.08 and 938.085 is clear. Justice Pariente uses the principle of in pari materia not to resolve an ambiguity, but to create one. See Gustafson v. Alloyd Co., 513 U.S. 561, 586, 115, S.Ct. .1061, 131 L.Ed.2d 1 (1995) (Thomas, J., dissenting) (arguing that the majority’s application of the maxim noscitur a sociis to section 2(10) of the Securities Act of 1933 creates doubt, instead of reducing it, and arguing that the canon applies only in cases of ambiguity). As ■ the argument goes, because section 938.03 refers to juveniles and sections 938.08 and 938.085 do not, it is now unclear (although it was not before) whether these statutes apply to juveniles. Then, by applying an in pari materia construction (or, as the majority does, the principle of expressio un-ms ), this newly created ambiguity is resolved by using the same language that created it. I do not agree that the, canons of construction can be used in the same breath to first create, and then resolve, an ambiguity.
3. Prohibition of Court Fees in Delinquency Cases
Finally, the majority claims that “the Legislature ... expressly provided] that court fees and costs should not ordinarily be imposed in juvenile proceedings.” Majority op. at 1278. It endorses Judge Sharp’s, argument that section 985.221, Florida Statutes-. (2004), which prohibits imposition of “court fees” in juvenile delinquency cases, applies to the surcharges as well. Majority op. at 1278, 1282 (citing V.K.E., 902 So.2d at 347 (Sharp, J., concurring specially)). The statute provides in relevant part:
Court and witness fees. — In any proceeding under this chapter, court fees shall not be charged against, nor witness fees allowed to, any party to a delinquency petition or any parent or legal guardian or custodian or child named in a summons.
(Emphasis added.) The State, however, argues that section 985.221 specifically prohibits only fees, not surcharges. See also S.L.G., 912 So.2d at 614 (concluding that “section 985.221 ... prohibits only the imposition of court fees in juvenile proceedings”).
The question, then, is whether a “surcharge” is a “court fee” or something else. Neither section 985.221 in particular nor chapter 985 in general defines the term “court fees.” Justice Pariente believes that, because the Legislature failed to define these terms, we cannot be sure that their usual meanings and distinctions should be applied to sections 938.08, 938.085, and 985.221. Specially concurring op. at 1285. However, both the United States Supreme .Court and this Court have *1292 established that, when the Legislature has not defined a word or term in a statute, we should construe it according to its ordinary and common meaning. Smith v. United States, 508 U.S. 228, 229, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993) (citing Perrin v. United States, 444 U.S. 37, 42, 100 S.Ct. 311, 62 L.Ed.2d 199 (1979)); see also Montgomery v. State, 897 So.2d 1282, 1285 (Fla.2005) (“[O]ne of the most fundamental tenets of statutory construction requires that we give statutory language its plain and ordinary meaning, unless words are defined in the statute or by the clear intent of the legislature.”) (quoting Seagrave v. State, 802 So.2d 281, 286 (Fla.2001)). The plain and ordinary meaning of words can be ascertained by reference to a dictionary. Nehme v. Smithkline Beecham Clinical Labs., Inc., 863 So.2d 201, 205 (Fla.2003).
A dictionary defines the term “fee” as “a charge fixed by law or by an institution ... for certain privileges or services” and “a charge fixed by law for the services of a public officer.” Webster’s Third New International Dictionary 833 (3d ed. 1993). The Fifth District has held that, in legal terms, “ ‘[flees’ ... are charges fixed by law for the services of public officers or for the use of some privilege under control of the government.” S.L.G., 912 So.2d at 614 (citing Crawford v. Bradford, 23 Fla. 404, 2 So. 782 (1887); 20 Am.Jur.2d Costs § 1 (2004)). It distinguishes “fees” from “costs,” which “are statutory allowances recoverable by the prevailing party to reimburse the prevailing party for expenses incurred in prosecuting or defending the proceeding.” Id. (citing Golub v. Golub, 336 So.2d 693, 694 (Fla. 2d DCA 1976)). No other court in Florida has defined the term “court fees.” The United States Supreme Court has acknowledged that, in the context of lawsuits, “ ‘[flees’ are generally those amounts paid to a public official, such as the clerk of the court, by a party for particular charges typically delineated by statute.” United States v. Idaho ex rel. Dir., Idaho Dep’t of Water Res., 508 U.S. 1, 8, 113 S.Ct. 1893, 123 L.Ed.2d 563 (1993) (citing 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2666 (2d. ed. 1983)). “Most commonly these include such items as docket fees, clerk’s and marshal’s charges, and witness’ fees.” Wright, Miller, & Kane, supra.
Section 985.03(14) defines “court” as “the circuit court assigned to exercise jurisdiction under this chapter.” When used with the word “court,” the phrase “court fee” connotes a sum fixed by law that is paid or charged for a court’s services, particularly those of the marshal or clerk of court. On the other hand, the term “surcharge” is defined as “a charge in excess of the usual or normal amount; an additional tax, cost, or impost” and “an additional and usu[ally] excessive charge.” Webster’s at 2299. In addition, a “fee” is distinguishable from a “cost,” which is defined as “the amount or equivalent paid or given or charged or engaged to be paid or given for anything bought or taken in barter or for service rendered.” Id. at 515. The plural form “costs” refers to “expenses incurred in litigation ... those payable to the attorney or counsel by his client esp. when fixed by law ... [and] ... those given by the law or the court to the prevailing against the losing party in equity and frequently by statute.” Id.
Based on these definitions, the term “court fees” does not include surcharges. While the term “cost,” which generally connotes an amount paid for something bought or for services rendered, may include “fees,” which connotes a similar *1293 amount paid for a service rendered, particularly that of a public officer, a “surcharge” refers to an additional or excessive charge, which may be punitive in nature. Based on the ordinary meanings of the terms “fee” and “surcharge,” I conclude that section 985.221’s prohibition against charging “court fees” does not prohibit the surcharges set forth in sections 938.05 and 938.085. To the contrary, section 985.228(4), Florida Statutes (2001), which, as I noted earlier, allows a court to impose as a penalty component “restitution in money or in kind, community service, a curfew ... or other nonresidential punishment appropriate to the offense,” at least implicitly authorizes imposition of surcharges.
Even assuming that section 985.221 conflicts with sections 938.08 and 938.085, the latter statutes govern because they were enacted after section 985.221. “[I]f statutes are inconsistent or conflict, the last expression of legislative intent, in point of time or order, prevails.” S.S.M., 898 So.2d at 85 (citing Askew v. Schuster, 331 So.2d 297, 298 (Fla.1976), and Sharer v. Hotel Corp. of Am., 144 So.2d 813, 816-17 (Fla.1962)) (other citation omitted). “The last expression of the Legislature prevails due to the general presumption that later statutes are passed by the Legislature with the knowledge of prior existing laws.” Id. (citing Oldham v. Rooks, 361 So.2d 140, 143 (Fla.1978), and J.A. v. State, 633 So.2d 108, 110 (Fla. 2d DCA 1994)). Here, sections 938.08 and 938.085 were enacted in 2001 and 2003, respectively. Ch.2001-50, § 5, at 320, Laws of Fla.; ch.2003-114, § 3, at 729, Laws of Fla. Section 985.221 (formerly section 39.073) has been in effect since 1990, ch. 90-208, § 5, at 1150, Laws of Fla., and was last updated in 1997. S.S.M., 898 So.2d at 85. The Legislature presumably was aware of section 985.221 when passing sections 938.08 and 938.085. See id. Therefore, sections 938.08 and 938.085 represent the last expression of legislative intent and should prevail.
C. CONCLUSION
I find that the language of the statutes is clear and unambiguous. I agree with the Fifth District’s analysis in this case. A trial judge has the authority to impose the mandatory surcharges provided in sections 938.08 and 938,085 in juvenile delinquency proceedings. Accordingly, I would answer the certified question, in the affirmative and approve the Fifth District’s decision.
For these reasons, I respectfully dissent.
WELLS and BELL, JJ., concur.

. The order states in relevant part:
[V.K.E.] is hereby placed on PROBATION under the supervision of the Department of Juvenile Justice with the conditions specified in this order.
It is FURTHER ORDERED that [V.K.E.] shall comply with the following sanctions.
[[Image here]]
17. Pay $201.00 Domestic Violence costs within sixty (60) days from the date of this order.
18. Pay $151.00 to the rape crisis fund within sixty (60) days from the date of this order.
(Emphasis added.)