CASANUEVA, Judge.
S.P. was found guilty of battery on a law enforcement officer and battery. The juvenile court withheld adjudication of delinquency and sentenced him to a term of probation. S.P. appeals only the imposition of two surcharges. Following State v. J.C., 916 So.2d 847 (Fla. 2d DCA 2005), the juvenile court felt constrained to impose as a condition of his probation a surcharge of $201 pursuant to section 938.08, Florida Statutes (2005), to fund programs in domestic violence, and $151 pursuant to section 938.085, to fund rape crisis centers.
In J.C., this court approved the imposition of these surcharges in cases involving juvenile defendants, aligning this district *714 with our sister court in V.K.E. v. State, 902 So.2d 343 (Fla. 5th DCA 2005). Subsequent to briefing in this case, our supreme court disapproved the Fifth District’s opinion in V.K.E. and held that the legislature did not intend that these surcharges be assessed against juvenile defendants. V.K.E. v. State, 934 So.2d 1276 (Fla.2006). Accordingly, we reverse the imposition of these surcharges in this case.
Reversed and remanded with instructions to strike these surcharges as a condition of S.P.’s probation.
ALTENBERND and STRINGER, JJ„ Concur.